## United Electrical Workers v. Nolan et al.

Before Patterson, Kennedy and Smart, JJ.

*Harrison & Louik*, for plaintiffs.

*J. Alfred Wilner* and *Morris Zimmerman*, for defendant.

PATTERSON, P. J., December 15, 1950.—Defendants filed preliminary objections to plaintiffs' bill. There are three plaintiffs, all unincorporated associations appearing by trustees ad litem. They are: (1) United Electrical, Radio and Machine Workers of America, referred to herein as the National union, made up of a group or groups of local unions; (2) District 6, herein so designated, an unincorporated group of local unions in the western half of Pennsylvania and part of West Virginia, and (3) Local No. 638, United Electrical, Radio and Machine Workers of America, herein referred to as Local 638, consisting of the employes of

Edwin L. Wiegand Company of Pittsburgh, Pa., holding a charter under the National union and being one of the locals constituting District 6. The four individual defendants were officers of Local 638 prior to February 13, 1949, except for Thomas Nolan, who is said to have been an officer of Local 638 only until September 26, 1948.

We believe it to be superrogatory to go into the factual history of the differences between the parties inasmuch as in the present state of the record we must assume the verity of the averments of the bill. The status of the parties in their relation to each other may, however, be of some significance. The National union is the parent organization which promotes the advancement of local unions. District 6 consists of a territorial group of local unions in the areas mentioned above. It is formulated and acts under constitutional affiliation with the National union. Local 638 is chartered by the National union and is one of its component members and of District 6. In the political organization of the National union each of the locals enjoy local autonomy subject to the constitution and bylaws of the National union.

Defendants in their preliminary objections contend, first, that plaintiffs have not shown any property right of the National union or District 6 to have been violated. We can accord no merit to this contention in the light of the averments of the bill. Sections 10, 11 and 12 of the complaint, if true, sufficiently aver a right or interest in the subject matter of the controversy. For the same reason we must determine defendants' second objection untenable.

The third objection is that plaintiffs fail to aver how or when the seven dissenting members of Local 638 manifested their desire to retain the charter of Local 638 in the union. Section C of article 18 of the

National union constitution (exhibit A attached to the bill) provides:

"Any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter."

The averment in the bill complained of follows the language of the constitution in haec verba. It follows that the averment is sufficient, subject, however, to proof on trial of the case. The third objection is accordingly dismissed.

The fourth, fifth and sixth objections go to the right of the local in the collective bargaining agreement, marked exhibit C and attached to the bill; the validity of the check-off provisions in exhibit C, and the power of the court to enjoin defendants in the premises. It would seem to be the position of defendants that the check-off is illegal per se. This is incorrect in that the Federal Labor-Management Relations Act of 1947 sets up procedure to provide for a check-off. Presumably this procedure has been complied with, though for the purpose of clarity it might have been well for plaintiffs to have set up this fact and thus preclude the raising of a question which, while not significant in the final analysis of the bill, is nevertheless a matter of detail in pleading which might otherwise have justified directing the bill to be amended. However, the National Labor Relations Board has recognized the distinction between proper and improper check-offs, and scrutiny of exhibit C indicates that it complies with all the requirements. Certainly, the question of selective bargaining, as set forth in exhibit C, has little merit. The general contention that this case falls within the Anti-Injunction Act of June 2, 1937, P. L. 1198, 43 PS §206-c, is of no avail. The opinion of Bok, P. J., disposes of this question in full detail, and the Superior

Court adopts his opinion as a full answer to the contention that the court was without jurisdiction: Ralston et al. v. Cunningham et al., 143 Pa. Superior Ct. 412, 419.

We are of opinion that the controversy here involved will be most effectively adjudicated by answer and trial.

We may add that defendants' brief gives much space and discussion to the indispensability of certain parties who are not enjoined. We find nothing, however, in the preliminary objections which raises this question. Inferentially it may be said to have been raised in the first three preliminary objections, but likewise the answer to those objections herein set forth inferentially disposes of that contention.

The preliminary objections will be dismissed and defendants be given 15 days to answer.